UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEAN MYERS, CDCR #AP-6843,<br><br>Plaintiff,<br><br>vs.<br><br>DR. DAVID CLAYTON, SERGEANT BRILLO, ASSISTANT WARDEN BUCKEL, CAPTAIN RODRIGUEZ, LIEUTENANT WILLIAMS, and CCI-FLORES,<br><br>Defendants. | Case No.: 3:22-cv-00673-RBM-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b) EXCEPT PLAINTIFF'S DUE PROCESS CLAIMS AGAINST WILLIAMS, BUCKEL, RODRIGUEZ AND FLORES; and**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT AND SUMMONS ON WILLIAMS, BUCKEL, RODRIGUEZ AND FLORES PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On May 6, 2022, Plaintiff Raymond Dean Myers ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to proceed In Forma Pauperis ("IFP"). (Docs. 1, 2.) On June 7, 2022, the

1

Court granted Plaintiff leave to proceed IFP and *sua sponte* dismissed the Complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (Doc. 4.)  Plaintiff has now filed a First Amended Complaint ("FAC").  (Doc. 7.)

**I.     Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

   **A.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

 "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a

source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the FAC

Plaintiff identifies himself as a 59-year-old mobility impaired inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (Doc. 7 at 2, 5.) He alleges that when Defendant Dr. Clayton took over as the new primary care physician at RJD he confiscated Plaintiff's walker and mobility vest along with similar durable medical equipment from other inmates. (*Id*. at 10.) On December 18, 2019, Plaintiff informed Dr. Clayton that the new walker he had been issued was of a lesser quality than the one confiscated. (*Id*. at 3.) Without anger or animosity in his voice, Plaintiff told Dr. Clayton that because he had taken other such items from other inmates with disabilities "you should watch your back in the yard, cuz, the inmates want to hurt you, and you're [sic] bedside mannerisms suck and you have no compassion." (*Id*.) Dr. Clayton then reported to Defendant RJD Sergeant E. Brillo that Plaintiff had threatened him with great bodily harm. (*Id*. at 3–4.) Defendant Brillo, with a "mind-set that was of conspiracy to back up a fellow-free staff worker," wrote a report of the incident which falsely reported Plaintiff as telling Dr. Clayton "you're lucky you're still alive, I'd watch out if I were you." (*Id*. at 4–5, 11.)

About one and one-half hours after Plaintiff made his statement to Dr. Clayton he was taken from his cell in handcuffs, despite having a medical chrono requiring him to be placed only in waist chains. (*Id*. at 4.) He experienced pain while being escorted to the gymnasium where he sat on a very cold cement floor for four hours, increasing his pain. (*Id*.) He was then taken to Administrative Segregation ("Ad-Seg"), which he refers to as "the hole," where he was forced to strip naked while in a cage in sight of a nurse in

retaliation for his perceived threat against Dr. Clayton. (*Id*.) He was then placed back into handcuffs and forced to climb stairs with his hands cuffed behind his back causing further pain. (*Id*.) He spent 67 days in Ad-Seg in a cold building without a blanket sleeping in shorts and t-shirt, where he went two weeks without his special gluten-free diet and contracted either the flu or Covid in addition to experiencing hypertension and angina from breathing dried pigeon feces before being completely exonerated. (*Id*. at 4–6, 13, 17.)

Plaintiff alleges classification committee members Defendants RJD Assistant Warden Buckel and Captain Rodriguez violated his First Amendment right to speak in his own defense at a hearing regarding placement in Ad-Seg by not allowing him "to state what really happened, but, being of the retaliatory state-of-mind, told plaintiff, we only want to know if you are guilty or not guilty." (*Id*. at 5.) He alleges Defendant RJD Lieutenant Williams did not allow him to call witnesses or conduct an investigation at the first hearing which caused him to serve an additional 30 days in Ad-Seg, but allowed him to do so at a second hearing. (*Id*. at 14–16.) Williams found Plaintiff not guilty at a second hearing and dismissed the charge of threatening staff for lack of evidence. (*Id*.) Plaintiff claims Defendants conspired to violate his First, Fourth, Eighth and Fourteenth Amendment rights to due process and to be free from retaliation and cruel and unusual punishment. (*Id*. at 2, 11–21.)

C. **Analysis**

1. **Due Process**

"Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id*. at 1077–78 (citing *Wolff*, 418 U.S. at 564–71). However, as the Court informed Plaintiff in its prior Order of dismissal, those protections adhere only when the disciplinary action implicates a protected

liberty interest either by exceeding the sentence in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (Doc. 4 at 6) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Plaintiff was also informed that where a protected liberty interest is not at stake, the minimum requirements of due process require only that "the findings of the prison disciplinary board (be) supported by some evidence in the record." (*Id.*) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985)).

   Plaintiff now alleges in the FAC he was subjected to atypical and significant hardships in relation to the ordinary incidents of prison life during his stay in Ad-Seg, both mentally and physically, and had his sentence exceeded in an unexpected manner, because: (1) he was placed there based on false and retaliatory charges which amounted to a denial of his right to speak freely with his physician, and he was exonerated at a second hearing which found no evidence to support a disciplinary infraction following a "kangaroo court" first hearing where he was denied his right to call witnesses, (2) he was escorted to Ad-Seg painfully with his hands cuffed behind his back in violation of a medical chrono, where he encountered mobility challenges, (3) he was denied his gluten-free meal for two weeks, (4) he has a record of having an immunosuppressed system and fell ill with either the flu or Covid and taken by ambulance to the prison clinic as a result of having to sleep wearing only boxers and a t-shirt without a blanket during a cold and wet December Ad-Seg stay in filthy conditions which included breathing dried pigeon feces dust, (5) he lost personal property, including law books, food and hygiene items left behind in his cell and stolen by other inmates, and (6) he was subjected to humiliation, harassment, cruelty and loss of dignity during two strip searches.   (Doc. 7 at 6–14.)  These allegations are sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to whether a protected liberty interest arose as a result of the conditions in Ad-Seg sufficient to entitle Plaintiff to the procedural protections of *Wolff* at his disciplinary hearing. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Keenan v. Hall*, 83 F.3d 1983, 1088-89 (9th Cir. 1996) ("The *Sandin*

Court seems to suggest that a major difference between the conditions for the general population and the segregated population triggers a right to a hearing.") (citing *Sandin*, 515 U.S. at 485 and *Serrano*, 345 F.3d at 1078 (identifying three "guideposts" for that inquiry, including how the conditions differed from ordinary conditions of confinement, their duration and the degree of restraint)).

Plaintiff has also plausibly alleged Defendant Williams denied him due process at the first hearing, which took place 37 days after his initial Ad-Seg placement, when Williams denied Plaintiff the opportunity to present evidence and call witnesses in his defense, which resulted in an additional 30-day Ad-Seg placement under the conditions described above. *See Wolff*, 418 U.S. at 566 ("We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). In addition, Plaintiff alleges Defendants Buckel, Rodriguez and Flores sat on the classification committee which extended his Ad-Seg stay by 30 days, but they "never allowed Plaintiff to state what really happened, but, being of the retaliatory state-of-mind, told plaintiff, we only want to know if you are guilty or not guilty. Plaintiff Myers stated not guilty and committee members stated very sternly, 'we all find you guilty' and will hold you over 29 more days." (Doc. 7 at 5.) Plaintiff has plausibly alleged a due process violation against Buckel, Rodriguez and Flores. *See Edwards v. Balisok*, 520 U.S. 641, 647 (1997) ("The due process requirements for a prison disciplinary hearing . . . are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence.").

Accordingly, the allegations in the FAC are sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to Defendants Williams, Buckel, Rodriguez and Flores. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Plaintiff is entitled to have the U.S. Marshal effect service of the summons and his FAC on his behalf against these Defendants. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and

perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

However, Plaintiff has not plausibly alleged Defendants Dr. Clayton and Sergeant Brillo, the only other two Defendants named in the FAC, violated his due process rights. He merely alleges these Defendants changed the wording of the statement he made to Dr. Clayton to falsely support a disciplinary infraction, but there are no allegations they were involved in either of the disciplinary hearings. The allegation he was falsely charged with a rule violation fails to state a due process claim because "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997), *aff'd*, 168 F.3d 498 (9th Cir. 1999). This is because the procedural protections available in disciplinary proceedings adequately protect a prisoner's federal constitutional right to due process. *See*, *e.g.*, *Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves."). Plaintiff was informed of this defect of pleading in the Court's prior dismissal order and has not cured it with respect to Defendants Dr. Clayton and Sergeant Brillo. (Doc. 4 at 6–7.) Plaintiff's due process claims against Defendants Dr. Clayton and Sergeant Brillo are dismissed for failure to state a claim upon without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

### 2. Cruel and Unusual Punishment

Plaintiff claims he was subjected to cruel and unusual punishment as a result of his stay in Ad-Seg. "The circumstances, nature, and duration" of the conditions in Ad-Seg must rise to the level of the denial of "the minimal civilized measure of life's necessities" as opposed to "routine discomfort inherent in the prison setting" in order to violate the Eighth Amendment's prohibition on cruel and unusual punishment as applicable to the

states through the Fourteenth Amendment. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *see also Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) ("[W]hile conditions of confinement may be, and often are, restrictive and harsh," only conditions which are "devoid of legitimate penological purpose . . . or contrary to evolving standards of decency that mark the progress of a maturing society" violate the Eighth Amendment) (citing *Hudson v. Palmer*, 468 U.S. 517, 548 (1984) and *Trop v. Dulles*, 356 U.S. 86, 101 (1985)); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (an Eighth Amendment violation occurs where a prisoner is denied "the minimal civilized measure of life's necessities."); *Hudson*, 503 U.S. at 9 (an Eighth Amendment violation requires an objectively grave deprivation of humane conditions of confinement); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.").

Even assuming Plaintiff has plausibly alleged a grave deprivation of humane conditions of confinement in Ad-Seg which created a serious risk to his health or safety, he has once again failed to identify any Defendant responsible for those conditions. The Court instructed Plaintiff in its prior dismissal Order that he must allege facts showing that a Defendant knew the conditions of confinement in Ad-Seg presented a substantial risk to his health and safety and deliberately disregarded that risk. (Doc. 4 at 9 (citing *Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."))). There are no allegations in the FAC that any Defendant was aware the conditions in Ad-Seg presented a serious danger to Plaintiff's health or safety and deliberately disregarded that risk. Accordingly, Plaintiff's Eighth Amendment claim is dismissed for failure to state a claim without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). *Wilhelm*, 680 F.3d at 1121;

*Watison*, 668 F.3d at 1112.

### 3. Remaining Claims

Plaintiff alleges in an entirely conclusory manner that his First Amendment rights were violated by Defendants when they conspired to act with a retaliatory motive. Plaintiff was informed in the Court's prior dismissal order that his amended complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (Doc. 4 at 3) (quoting *Iqbal,* 556 U.S. at 678). He was informed that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. (*Id*.) (quoting *Iqbal*, 556 U.S. at 679). Plaintiff's allegations of retaliation and conspiracy are entirely conclusory without factual support of any kind and fail to state a § 1983 claim. Accordingly, Plaintiff's conspiracy and retaliation claims are dismissed for failure to state a claim without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112; *Iqbal,* 556 U.S. at 678.

## IV. Conclusion and Orders

Accordingly, good cause appearing, the Court:

1. **DISMISSES** all claims against all Defendants in Plaintiff's First Amended Complaint with the exception of Plaintiff's Fourteenth Amendment due process claim against Defendants Williams, Buckel, Rodriguez and Flores.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (Doc. 7) for Defendants Williams, Buckel, Rodriguez and Flores and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. The Clerk will provide Plaintiff with certified copies of his First Amended Complaint and the summons so that he may serve Defendants. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma

Pauperis Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendants Williams, Buckel, Rodriguez and Flores as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants, once served, to reply to Plaintiff's First Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 21, 2022

*Ruth Bermudez Montenegro*
Hon. Ruth Bermudez Montenegro
United States District Judge