UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEAN MYERS,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. DAVID CLAYTON, et al.<br><br>                              Defendants. | Case No.:   22-cv-00673-RBM-BLM<br><br>**REPORT AND RECCOMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This Report and Recommendation is submitted to the Honorable Ruth B. Montenegro, United States District Judge, pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.3(f) of the United States District Court for the Southern District of California.  Currently before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 14. Defendants contend that Plaintiff fails to state a claim upon which relief may be granted. Id. at 1. Plaintiff has filed an Opposition and Supplemental Opposition, and Defendants have filed a Reply. ECF Nos. 23, 26, 27. For the following reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be **GRANTED** without leave to amend.

## PROCEDURAL BACKGROUND

On May 26, 2022, Plaintiff Raymond D. Myers ("Plaintiff"), a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to proceed In Forma Pauperis ("IFP"). ECF Nos. 1, 2. On June 7, 2022, the Court granted Plaintiff leave to proceed IFP and *sua sponte* dismissed the complaint with leave to

22-cv-00673-RBM-BLM

amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). ECF No. 4. On August 22, 2022, Plaintiff filed a First Amended Complaint ("FAC"). ECF. No. 7. On September 9, 2022, the Court screened Plaintiff's FAC as required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and dismissed all claims against all Defendants except for Plaintiff's due process claims against Defendants Williams, Buckel, Rodriguez and Flores. ECF No. 8.

On December 12, 2022, Defendants filed the instant Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 14. After receiving several extensions of time to file his opposition to Defendants' motion, Plaintiff filed a Motion for Leave to Augment the Record on April 5, 2023 in which Plaintiff sought to add exhibits to the record that he alleged "were admitted into [e]vidence, refused, lodged but were not copied in the Clerks [sic] Transcripts, but [o]mitted out." ECF. No. 20 at 1. Plaintiff did not identify or include the documents that he wanted to add but explained that he wanted to include exhibits with his opposition. Id. at 1-2. The Court denied the motion explaining that Plaintiff had not identified or attached the desired documents, that Rule 12(b)(6) motions generally were decided based on the allegations in the complaint, and that Defendants had not attached any documents to their motion. ECF No. 21 at 2. Nonetheless, the Court provided Plaintiff an additional 30 days to file an opposition to Defendant's motion to dismiss. ECF No. 21 at 2, 3.

On May 2, 2023, Plaintiff filed his Opposition to Defendant's Motion to Dismiss the FAC. ECF No. 23. On the same day, Plaintiff filed a second Motion to Augment the Record. ECF No. 22. On May 8, 2023, the Court issued an order denying Plaintiff's Motion to Augment the Record, but allowed Plaintiff until May 29, 2023 to file an amended or supplemental opposition that included the desired documents. ECF No. 24.

On May 30, 2023, Plaintiff filed another Motion to Augment the Record. ECF. No. 25. This request appears to be identical to the May 2, 2023 request and seeks to add a number of documents to Plaintiff's FAC. Id. To add documents to his FAC, Plaintiff must file a motion to amend the FAC and include a Second Amended Complaint with the supporting documents so the entire complaint is contained in one document. See Webb v. Trader Joe's Company, 999 F.3d 1196, 1201 (9th Cir. 2021) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S.

308, 322 (2007)). Despite this error, the Court granted the motion in part, accepting the third Motion to Augment the Record and attached documents as a supplemental opposition pursuant to the Court's May 8, 2023 order. [1] ECF No. 26. On June 19, 2023, Defendants filed their reply to Plaintiff's opposition. ECF. No. 27.  On July 13, 2023, the Court denied Plaintiff's request to file a sur-reply.  ECF No. 29.

## **FAC ALLEGATIONS**

Plaintiff is a 59-year-old inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. ECF No. 7 at 2. Plaintiff alleges he is mobility impaired necessitating the use of a mobility vest and walker. Id. at 3. Plaintiff alleges that Defendant Dr. David Clayton[2] ("Dr. Clayton"), one of the primary care physicians at RJD responsible for providing care to inmates, confiscated Plaintiff's walker and mobility vest along with similar durable medical equipment from other inmates when Dr. Clayton took over as the primary care physician. Id. at 10.

On December 18, 2019, Plaintiff informed Dr. Clayton that the new walker he had been issued was of lesser quality than the one confiscated. Id. at 3. Without any "anger or animosity" and looking out for Dr. Clayton's safety, Plaintiff told Dr. Clayton "you should watch your back in the yard, cuz, the inmates want to hurt you, and you're [sic] bedside mannerisms suck and you have no compassion." Id. After Plaintiff left the RJD clinic, Dr. Clayton reported to RJD Sergeant E. Brillo[3] that Plaintiff had threatened him with great bodily harm. Id. at 3-4.  Plaintiff alleges Sergeant Brillo, with "a mind-set that was of conspiracy to back up a fellow-free staff worker," falsely reported in his incident report that Plaintiff told Dr. Clayton "you're lucky you're still alive, I'd watch out if I were you." Id. at 4-5, 11.

---

[1] Plaintiff's motion identifies the documents that are attached to the motion.  ECF No. 25 at 1-2.  The Court has reviewed the documents and considered them as part of Plaintiff's opposition to Defendants' motion to dismiss.

[2] Plaintiff named Dr. Clayton as a defendant in his complaint and FAC but all claims against Dr. Clayton were dismissed in Judge Montenegro's September 22, 2022 order. ECF No. 8.

[3] The claims against Sergeant Brillo also were dismissed in the September 22, 2022 order. ECF No. 8.

22-cv-00673-RBM-BLM

Roughly one and one-half hours after Plaintiff left the RJD clinic, five correctional officers came to Plaintiff's cell, placed him in handcuffs (despite Plaintiff's medical chrono requiring him to only be placed in wrist chains), and removed Plaintiff to the RJD gymnasium. Id. at 4. He experienced pain while being escorted to the gymnasium and was placed on the cold cement floor for four hours, adding to his pain. Id. Plaintiff was placed into Administrative Segregation ("Ad-Seg"), which he refers to as "the hole," where he was forced to strip naked while sitting in a cell in clear view of a nurse. Id. Plaintiff claims this was done in retaliation for his perceived threat against Dr. Clayton. Id. Sergeant Brillo took a statement from Plaintiff about the incident and provided Plaintiff with a falsified Rules Violation Report ("RVR") for his purported threat against Dr. Clayton which Plaintiff refused to sign, stating "I'm not signing that falsified report you made." Id. Afterwards, he was placed back into handcuffs and forced to climb stairs with his hands cuffed behind his back causing him additional pain. Id.

On December 26, 2019, Plaintiff was brought before the prison's classification committee to determine whether he should remain in Ad-Seg pending adjudication of his RVR for threatening Dr. Clayton. Id. at 5, 14. The committee was comprised of Defendants Buckel, Rodriguez, and Flores, and they rejected his plea of not guilty, and declared him guilty based on the false report provided by Dr. Clayton. Id. at 4, 14-15. Plaintiff was unable to present any witnesses on his behalf. Id. at 9. This resulted in Plaintiff remaining in Ad-Seg for another 29 days pending the result of his RVR adjudication. Id.

On January 23, 2020, after 37 days in Ad-Seg, Plaintiff was released. Id. at 5. On January 24, 2020, Defendant Williams conducted a hearing on Plaintiff's RVR and imposed an additional 30 days in Ad-Seg. Id. at 5, 9, 13-16. During the hearing, Plaintiff was not provided an investigative employee, was unable to call any witnesses to testify on his behalf, and an investigative report was excluded resulting in Plaintiff being subjected to 67 days of "punishment for no reason." Id. at 9, 12-14.

On May 19, 2020, Plaintiff's RVR was reheard by another non-defendant prison officer due to an administrative appeal filed by Plaintiff. Id. at 7, 12-13, 16. Plaintiff was found not guilty of threatening Dr. Clayton. Id. at 7, 13, 16. Plaintiff spent a total of 67 days in Ad-Seg

located in a cold building wherein Plaintiff slept only in a t-shirt and shorts, went two weeks without his special gluten-free diet, and contracted either the flu or Covid-19 in addition to experiencing hypertension and angina from breathing dried pigeon feces before eventually being exonerated. Id. at 4-6, 13, 17.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal rule of Civil Procedure 12(b)(6) requires the plaintiff to "provide 'a short and plain statement of the claim showing the pleader is entitled to relief' which 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Disability Rights Montana, Inc. v. Batista, 930 F.3d 1090, 1096 (9th Cir. 2019) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008)). A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order for Plaintiff to meet this burden, "the 'nonconclusory "factual content"' of [plaintiff's] complaint and 'reasonable inferences from that content,' must be at least 'plausibly suggestive of a claim entitled the plaintiff to relief.'" Disability Rights of Montana, Inc., 930 F.3d at 1096 (citing Moss v, US. Secret Serv., 572 F.3d 962,969 (9th Cir. 2009) (internal citations omitted)).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint fails to state a claim upon which relief can be granted. "Dismissal under 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013) (citing Mendoindo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)). In evaluating a Rule 12(b)(6) motion, the court accepts as true all facts alleged in the complaint and interprets them in the light most favorable to the nonmovant. Gant v. Cnty. of L.A., 772 F.3d 608, 614 (9th Cir. 2014).

//

22-cv-00673-RBM-BLM

## **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Naffe v. Frye, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Here, Plaintiff's only remaining claim alleges a Fourteenth Amendment procedural due process violation against Defendants Buckel, Rodriguez, Flores, and Williams who were acting under the color of state law. ECF. Nos. 7 & 8.

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) (quoting Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. See Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." Id. These protections "adhere only when the disciplinary action implicates a protected liberty interest either by exceeding the sentence in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."" ECF No. 8 at 4-5, quoting Sandin v. Connor, 515 U.S. 472, 484 (1995).

In the FAC, Plaintiff sets forth a number of allegations regarding his treatment which he argues constitute the requisite "atypical and significant hardship" warranting the Wolff

22-cv-00673-RBM-BLM

procedural due process protections during the resulting disciplinary hearings.  ECF No. 7 at 1-17; see also ECF Nos. 23 & 25.  Plaintiff alleges that Defendants Buckle, Rodriguez, and Flores violated his procedural due process rights in relation to the December 26, 2019 hearing in a variety of ways including by not providing Plaintiff with an opportunity to speak or present evidence, rejecting his not guilty plea, and finding him guilty based on insufficient and false evidence.  ECF No. 7 at 5, 11-12, 15; No. 23 at 3, 7, 11-12; No. 25 at 26-27.  Plaintiff further alleges that Defendant Williams violated his procedural due process rights in relation to the second RVR hearing on January 23, 2020 in a variety of ways including by not providing him with an investigative employee, improperly excluding evidence, and finding him guilty based on insufficient and false evidence.  ECF No. 7 at 5; No. 23 at 4-5, 12-13.

Considering the allegations in the FAC in the light most favorable to Plaintiff, the FAC could state a procedural due process violation against the four defendants with regard to the two hearings.  For the current motion to dismiss, the Court finds that it need not determine whether Plaintiff alleged facts establishing a protected liberty interest and will proceed as if Plaintiff had alleged facts that required Defendants to provide Plaintiff with the Wolff procedural protections during the first two disciplinary hearings and that the Defendants failed to provide those protections during the hearings. Plaintiff's FAC allegations further establish that he administratively appealed his conviction and secured a new hearing in front of a new prison officer, Lieutenant J. Luna, on May 19, 2020.  ECF No. 7 at 5, 7, 13; No. 23 at 5-6, 13-14, 17; No. 25 at 4-12, 17-21.  Lieutenant Luna found Plaintiff not guilty of threatening Dr. Clayton. ECF No. 25 at 8.  Plaintiff does not allege any procedural due process violations with regard to the May 19, 2020 hearing.  ECF Nos. 7 & 23.

In the prison context, an "administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels." Torricellas v. Poole, 954 F.Supp. 1405, 1414 (C.D. Cal. 1997). "Thus, when a procedural error has been corrected in the administrative process,… there has been no compensable due process violation." Torricellas, 954 F.Supp. at 1414; see Frank v. Schultz, 808 F.3d 762, 764 (9th Cir.

2015) (affirming summary judgment for defendants because "any procedural error was corrected through the administrative appeal process" (collecting cases).  Because the May 19, 2020 hearing resulted in a not guilty determination, Plaintiff's procedural due process claims arising from the December 26, 2019 and January 23, 2020 hearings are moot. See Williams v. Hampton, No. 19-cv-001332-CAB-WVG, 2020 WL 3498170, *6 (S.D. Cal. June 26, 2020) ("[P]laintiff's claims of due process violations arising from his first disciplinary hearing are moot in light of the grant of a new hearing which resulted in a not guilty verdict."); Contreras v. Diaz, No. 19-cv-02108-BAS-WVG, 2020 WL 3078506, *4 (S.D. Cal. June 9, 2020) (Plaintiff's claims of due process violations arising from his first disciplinary hearing were moot as Plaintiff's own allegations demonstrate the RVR was re-issued resulting in reversal of the guilty finding); Brown v. Marshall, No. CIV S-07-0956 MCE DAD P, 2012 WL 12906131, *9 (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him."); Shotwell v. Brandt, No. C 10–5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (finding that "the remedy for an unfair hearing is another hearing" and "due process was satisfied when the results of the first disciplinary hearing were vacated, [and] the RVR was ordered reissued and reheard.") (citing Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991)).

Plaintiff argues that the May 19, 2020 hearing did not correct or moot the procedural due process violations that occurred during the first two hearings because the convictions based on the due process violations resulted in him being held in Ad-Seg in difficult conditions for a total of 67 days and a loss of privileges.  ECF No. 7 at 7, 9, 11; No. 23 at 3-4, 11-12. Plaintiff's arguments are not supported by the law and do not establish a procedural due process violation. First, as explained above, procedural errors in prior hearings can be corrected through the administrative appeal process via a new hearing in which the prisoner is found not guilty and as long as the prisoner did not lose good time credits or have his sentence extended, there is no remaining procedural due process claim.  See Frank, 808 F.3d at 764 (finding the district court properly granted summary judgment on Plaintiff's due process claim because "[a]ny procedural

22-cv-00673-RBM-BLM

1  error was corrected through the administrative appeal process, and [plaintiff] did not lose any

2  good time credits."). Second, Plaintiff has not alleged that he lost good time credits[4] or had his

3  sentence extended [see ECF No. 7 at 1-7] so there is no factual basis for arguing a procedural

4  due process violation remains.  Third, even if the May 19, 2020 hearing did not moot the prior

5  violations, the fact that Plaintiff spent 67 days in difficult Ad-Seg conditions and lost privileges

6  does not establish a protected liberty interest.[5]  See Randolph v. Sandoval, No. 1:18-cv-00968-

7  LJO-BAM (PC), 2019 WL 2410469, *7 (E.D. Cal. June 7, 2019) (finding "plaintiff had no protected

8  liberty interest" in being free from confinement in [Ad-Seg] pending the outcome of his

9  disciplinary hearings) (citing Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000)).  Because

10  Plaintiff was found not guilty at the May 19, 2020 hearing and did not suffer any loss of good

11  time credits or have his sentence extended, any due process violations alleged in the earlier

12  disciplinary hearings are moot.

13          For the reasons set forth above, the Court finds that Plaintiff has not and cannot state a

14  claim against any of the Defendants for a procedural due process violation.  The Court therefore

15  finds that granting Plaintiff leave to amend his FAC would be futile because the violations in first

16  two administrative hearings were corrected in the May 19, 2020 hearing and therefore cannot

17  constitute a due process violation since Plaintiff did not lose good time credits or have his

18  sentence extended. See Gonzalez v. Planned Parenthood, 759 F.3d 1112, 1116 (9th Cir. 2014)

---

[4] In one sentence, Plaintiff states his "credits were restored" after the May 19, 2020 hearing. ECF No. 23 at 5.  The documents submitted by Plaintiff do not indicate that good time credits were revoked and in the documents related to the not guilty finding after the May 19, 2020 hearing, there is no box checked regarding the restoration of credits.  ECF No. 25 at 10.  If Plaintiff did lose good time credits after the January 2020 hearing, the fact that they were restored after the May 2020 hearing rectifies the harm and prevents Plaintiff from stating a cause of action based on the loss of good time credits.  See Frank, 808 F.3d at 764.

[5] Plaintiff asserts that his Ad-Seg confinement was in a cold building, that he had to sleep in a t-shirt and shorts, went two weeks without his gluten-free diet, and contracted either the flu or COVID-19 in addition to experiencing hypertension and angina from breathing dried pigeon feces. ECF No. 7 at 5-6, 13, 17; ECF No. 23 at 4. These conditions do not establish the requisite liberty interest. See Resnick v. Hayes, 213 F.3d 443, 448 n. 3 (9th Cir. 2000) (holding that Ad-Seg confinement involving limited showers and recreational activities, dirty and missing bedding, cold food and a loss of library access does not establish a protected liberty interest).

1 ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting <u>Bonin</u>
2 <u>v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995)); <u>Zucco Partners, LLC v. Digimarc Corp.</u>, 552 F.3d
3 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend
4 and has subsequently failed to add the requisite particularity to its claims, [t]he district court's
5 discretion to deny leave to amend is particularly broad." (internal quotation marks omitted)
6 (second alteration in original)).

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue
an order: (1) approving and adopting this Report and Recommendation, and (2) directing that
Judgment be entered **GRANTING** Defendants' Motion to Dismiss without leave to amend.

**IT IS ORDERED** that no later than **August 18, 2023**, any party to this action may file
written objections with the Court and serve a copy on all parties. The document should be
captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
and served on all parties no later than **September 1, 2023.** The parties are advised that failure
to file objections within the specified time may waive the right to raise those objections on
appeal of the Court's order. <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  7/25/2023

Hon. Barbara L. Major
United States Magistrate Judge

22-cv-00673-RBM-BLM