UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DEAN MYERS,<br><br>                                    Plaintiff,<br><br>          v.<br><br>DAVID CLAYTON, et al.,<br><br>                                   Defendants. | Case No.:  3:22-cv-00673-RBM-BLM<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**<br><br>**[Docs. 14, 30]** |

Presently before the Court is Magistrate Judge Barbara Major's Report and Recommendation for Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Report and Recommendation").  (Doc. 30.)  For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

## I.   BACKGROUND

A.   Procedural Background

On May 26, 2022, Plaintiff Raymond D. Myers ("Plaintiff"), a California state

1

prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)  On August 22, 2022, Plaintiff filed a First Amended Complaint ("FAC").  (Doc. 7.)  On September 9, 2022, the Court screened Plaintiff's FAC as required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and dismissed all claims against all defendants, except for Plaintiff's Fourteenth Amendment due process claims against Defendants Williams, Buckel, Rodriguez, and Flores ("Defendants").  (Doc. 8.)

On December 12, 2022, Defendants filed a Motion to Dismiss Plaintiff's FAC ("Motion to Dismiss").  (Doc. 14.)  After receiving several extensions of time to file his opposition to Defendants' Motion to Dismiss, Plaintiff filed a Motion for Leave to Augment the Record on April 5, 2023 in which Plaintiff sought to add exhibits to the record that he alleged "were admitted into [e]vidence, refused, lodged but were not copied in the Clerks [sic] Transcripts, but [o]mitted out."  (Doc. 20 at 1.)  The Court denied the motion explaining that: (1) Plaintiff had not identified or attached the desired documents, (2) Rule 12(b)(6) motions generally were decided based on the allegations in the complaint, and (3) Defendants had not attached any documents to their motion.  (Doc. 21 at 2.)  Nonetheless, the Court provided Plaintiff an additional 30 days to file an opposition to Defendant's motion to dismiss.  (*Id.* at 2, 3.)  On May 2, 2023, Plaintiff filed a second Motion to Augment the Record (Doc. 22), which the Court denied on May 8, 2023 (Doc. 24); however, the Court allowed Plaintiff until May 29, 2023 to file an amended or supplemental opposition that included the desired documents.  On the same day, Plaintiff filed his Opposition to Defendant's Motion to Dismiss the FAC.  (Doc. 23.)

On May 30, 2023, Plaintiff filed another Motion to Augment the Record, which appeared identical to the May 2, 2023 request and sought to add a number of documents to Plaintiff's FAC.  (Doc. 25.)  To add documents to his FAC, Plaintiff must file a motion to amend the FAC and include a Second Amended Complaint with the supporting documents so the entire complaint is contained in one document.  However, despite this error, Judge Major granted the motion in part, accepting the third Motion to Augment the Record and the attached documents as a supplemental opposition pursuant to the Court's May 8, 2023

order.  (Doc. 26.)  On June 19, 2023, Defendants filed their reply to Plaintiff's opposition.  (Doc. 27.)  On July 13, 2023, the Court denied Plaintiff's request to file a sur-reply.  (Doc. 29.)

Subsequently, on July 25, 2023, Judge Major issued the instant Report and Recommendation proposing Defendants' Motion to Dismiss be granted without leave to amend.  (Doc. 30.)  The deadline to file any written objections was August 18, 2023, and any replies were due September 1, 2023.  (*Id.* at 10.)  To date, no objections have been filed.

B.    Factual Background

As outlined in Judge Major's Report and Recommendation (*see* Doc. 30), Plaintiff is a 59-year-old inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California.  (Doc. 7 at 2.)  Plaintiff alleges he is mobility impaired and requires the use of a mobility vest and walker.  (*Id.* at 3.)  Plaintiff alleges that Defendant Dr. David Clayton ("Dr. Clayton"), one of the primary care physicians at RJD responsible for providing care to inmates, confiscated Plaintiff's walker and mobility vest along with similar durable medical equipment from other inmates when Dr. Clayton took over as the primary care physician.  (*Id.* at 10.)  On December 18, 2019, Plaintiff informed Dr. Clayton that the new walker he had been issued was of lesser quality than the one confiscated.  (*Id.* at 3.)  Without any "anger or animosity" and looking out for Dr. Clayton's safety, Plaintiff told Dr. Clayton "you should watch your back in the yard, cuz, the inmates want to hurt you, and you're [sic] bedside mannerisms suck and you have no compassion."  (*Id.*)  After Plaintiff left the RJD clinic, Dr. Clayton reported to RJD Sergeant E. Brillo that Plaintiff had threatened him with great bodily harm.  (*Id.* at 3–4.)  Plaintiff alleges Sergeant Brillo, with "a mind-set that was of conspiracy to back up a fellow-free staff worker," falsely reported in his incident report that Plaintiff told Dr. Clayton "you're lucky you're still alive, I'd watch out if I were you."  (*Id.* at 4–5, 11.)

Roughly one and one-half hours after Plaintiff left the RJD clinic, five correctional officers came to Plaintiff's cell, placed him in handcuffs, and removed Plaintiff to the RJD

3

gymnasium. (*Id.* at 4.) Plaintiff experienced pain while being escorted to the gymnasium and was placed on the cement floor for four hours, adding to his pain. (*Id.*) Plaintiff was placed into Administrative Segregation ("Ad-Seg"), which he refers to as "the hole," where he was forced to strip naked while sitting in a cell in clear view of a nurse. (*Id.*) Plaintiff claims this was done in retaliation for his perceived threat against Dr. Clayton. (*Id.*)

Sergeant Brillo took a statement from Plaintiff about the incident and provided Plaintiff with a Rules Violation Report ("RVR") for his purported threat against Dr. Clayton which Plaintiff refused to sign, stating "I'm not signing that falsified report you made." (*Id.*) Afterwards, he was placed back into handcuffs and forced to climb stairs with his hands cuffed behind his back causing him additional pain. (*Id.*)

On December 26, 2019, Plaintiff was brought before the prison's classification committee to determine whether he should remain in Ad-Seg pending adjudication of his RVR for threatening Dr. Clayton. (*Id.* at 5, 14.) The committee was comprised of Defendants Buckel, Rodriguez, and Flores, and they rejected his plea of not guilty and declared him guilty based on the false report provided by Dr. Clayton. (*Id.* at 4, 14–15.) Plaintiff was unable to present any witnesses on his behalf. (*Id.* at 9.) This resulted in Plaintiff remaining in Ad-Seg for another 29 days pending the result of his RVR adjudication. (*Id.*) On January 23, 2020, after 37 days in Ad-Seg, Plaintiff was released. (*Id.* at 5.)

On January 24, 2020, Defendant Williams conducted a hearing on Plaintiff's RVR and imposed an additional 30 days in Ad-Seg. (*Id.* at 5, 9, 13–16.) During the hearing, Plaintiff was not provided an investigative employee, was unable to call any witnesses to testify on his behalf, and an investigative report was excluded resulting in Plaintiff being subjected to 67 days of "punishment for no reason." (*Id.* at 9, 12–14.) On May 19, 2020, Plaintiff's RVR was reheard by another non-defendant prison officer due to an administrative appeal filed by Plaintiff. (*Id.* at 7, 12–13, 16.) Plaintiff was found not guilty of threatening Dr. Clayton. (*Id.* at 7, 13, 16.) Plaintiff alleges he spent a total of 67 days in Ad-Seg located in a cold building wherein Plaintiff slept only in a t-shirt and shorts,

went two weeks without his special gluten-free diet, and contracted either the flu or Covid-19 in addition to experiencing hypertension and angina from breathing dried pigeon feces before eventually being exonerated.  (*Id.* at 4–6, 13, 17.)

## II.   LEGAL STANDARD

A district court's responsibilities concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  A district court reviews *de novo* the portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "A district court may adopt those parts of a Magistrate Judge's report to which no specific objection is made, provided they are not clearly erroneous." *Clay v. Lankford*, No. 11CV1170-AJB RBB, 2012 WL 947805, at *1 (S.D. Cal. Mar. 20, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *see* FED. R. CIV. P. 72 advisory committee's note (In the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbel v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

## III.   DISCUSSION

Neither party has filed any objections to Judge Major's Report and Recommendation.  Having reviewed the Report and Recommendation, the Court finds it contains no clear error.

To briefly summarize the Report and Recommendation, Judge Major found that Plaintiff "has not and cannot state a claim against any of the Defendants for a procedural due process violation."  (Doc. 30 at 9.)  It is true that a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation.  *See Serrano v.*

*Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)).   However, "[w]here a procedural error has been corrected in the administrative process . . . there has been no compensable due process violation." *Torricellas v. Poole*, 954 F. Supp. 1405, 1414 (C.D. Cal. 1997), *aff'd*, 141 F.3d 1179 (9th Cir. 1998).   "The administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels." *Torricellas*, 954 F. Supp. at 1414.

Procedural errors in prior hearings may be corrected through the administrative appeal process via a new hearing in which the prisoner is found not guilty, and as long as the prisoner did not lose good time credits or have his sentence extended there is no remaining procedural due process claim.   (Doc. 30 at 8); *see Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (affirming summary judgment for defendants because "any procedural error was corrected through the administrative appeal process").   Here, the May 19, 2020 hearing resulted in a not guilty determination, and Plaintiff has not alleged he lost good time credits or that his sentence was extended.   (*See* Doc. 7 at 7, 13, 16.)   Thus, Judge Major concluded that Plaintiff's procedural due process claims arising from the December 26, 2019 and January 24, 2020 hearings are moot and that "no factual basis for arguing a procedural due process violation remains."   (Doc. 30 at 8–9.)   The Court received no objections to the Report and Recommendation

In light of the foregoing, the Court finds Judge Major's findings well-reasoned and not "clearly erroneous."   *See Clay*, 2012 WL 947805, at *1.

## IV.   CONCLUSION

Accordingly, the Court hereby orders:

(1)   The findings and conclusions of Judge Major presented in the Report and Recommendation (Doc. 30) are **ADOPTED** in their entirety;

(2)   Defendants' Motion to Dismiss (Doc. 14) is **GRANTED**; and

(3)   The action be dismissed with prejudice.

**IT IS SO ORDERED**.

DATE:  September 5, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE